W. A. SMITH AND S. H. COCHRAN, Appellants, v. ELIZABETH THOMAS AND J. J. THOMAS.

Action to Quiet Title: FAILURE TO PROVE TITLE. In an action to quiet title, where neither party shows any right in or title to the land, but it appears that title was quieted in plaintiff as to a part thereof in a former action, it is not error to deny plaintiff further relief.

*Appeal from Harrison District Court.*—HON. W. R. GREENE, Judge.

THURSDAY, APRIL 9, 1903.

THE plaintiffs allege ownership of thirty-three and one-third acres of land on the east side of the lands occupied by R. L. Golden, specifically described in a plat forming a part of the decree in *Smith v. Miller*, reported in 105 Iowa, 688, that the same is immediately east of the

middle thread of the abandoned bed of the Missouri river; and they ask that title thereto and to other lands east of said middle thread be quieted in them. The defendant Elizabeth Thomas answered by averring that she acquired the tract represented on said plat from Golden, and is in possession thereof; also that plaintiffs are estopped from claiming any interest therein. The court found the land to be that involved in the case mentioned, and that on the 19th day of November, 1894, Golden conveyed to S. H. Cochran and Jesse T. Davis, under whom plaintiffs claim the east thirty-three and one-third acres, and quieted title thereto and to other lands now occupied by Thomas in Iowa in plaintiffs. Both parties appeal, the appeal of plaintiffs being first perfected.—*Affirmed.*

*S. H. Cochran* and *J. S. Dewell* for appellants.

*Frank Tamisiea* and *Roadifer & Arthur* for appellee.

LADD, J.—In *Smith v. Miller*, 105 Iowa, 688, the plaintiff claimed the lands, of which that now in controversy is a part, as accretion to lots lying between the meander line of the Missouri river as located by the Davis survey in 1858 and that of the survey of 1851. The intervenor claimed them as accretion to his land bounded by the meander line of the original survey of 1851. Each prayed that title be quieted in him. The tracts occupied by the respective defendants had not then been surveyed, and they asked no affirmative relief. Later the several tracts seem to have been surveyed, and an accurate plat prepared and made a part of the decree finally entered. One of these was then occupied by Golden, who conveyed it to the defendant Elizabeth Thomas. Controversies as to other tracts have been adjusted since this appeal was taken. In compensation for services as attorneys in *Smith v. Miller, supra,* Golden conveyed to his attorneys, S. H. Cochran and Jesse T. Davis, all his right to and interest

in "the following described premises situated in Harrison county and state of Iowa, but west of the meander line of the United Stites survey of 1858, thirty-three and one-third acres off the east side of the lands occupied by R. L. Golden, known as cutoff land, and specifically set forth in the body of land on plat and field notes of survey, which is made a part of the decree in case of W. A. Smith vs. Joe Miller et al." This deed was recorded, and the plaintiffs now have whatever title Davis and Cochran acquired under it, and seek in this action to have title quieted as against the adverse claims of Elizabeth Thomas and her husband, J. J. Thomas. In granting relief, the district court expressly found that the land in controversy was the east thirty-three and one-third acres of that shown on the plat forming part of the decree in *Smith v. Miller*, *supra*, as being in the possession of Golden, and that it is in Harrison county, Iowa, and quieted title thereto in plaintiffs. But the court went further and held that all the lands involved in the former case were in Iowa, and quieted title in plaintiffs to "all that portion of the abandoned Missouri river bed, east of the middle thread thereof, adjacent to fractional lots 7, 8, and 9, section 5, Tp. 80, range 45, Harrison county."

The decree in *Smith v. Miller*, though introduced in evidence, is not set out in the abstract, and probably we should accept the assertion of plaintiffs, not denied, that such decree especially found all the lands occupied by defendants therein to be situated in Nebraska, though the issues therein would seem merely to involve the claims of the intervener and plaintiffs to land beyond the meander of the Davis survey, and the appropriate entry to be no more than a dismissal of the petitions. Conceding, however, that the court went further and located the tracts, and then definitely fixed their boundaries, though beyond its jurisdiction, we do not see how this aids plaintiffs in their contention that they are entitled to all land up to

the middle thread of the abandoned river bed. Their contention seems to be that as the court, in *Smith v. Miller*, located defendant's land in Nebraska, and her grantor conveyed the east thirty-three and one-third acres of it to their grantors, this must have been west of the middle thread of the abandoned river bed; and as, in the instant case, the court found all the land in dispute in Iowa, none of the tract of Thomas can be east of the said middle thread, and therefore, under the decree herein rendered, awarding plaintiffs all land east of the river, not included in the plat forming part of the decree in *Smith v. Miller*, as occupied by defendants therein, they, are entitled to all the land on the Iowa side, or east of the middle thread, and hence that the court erred in allowing defendant Thomas to retain all east of the middle thread, save thirty-three and one-third acres, now in her possession. This is the contention as we understand it, though without map or a definite statement from counsel, some difficulty has been experienced in extracting it from the record. There are several sufficient reasons for not making the defendant the victim of this sort of jugglery with the court's decrees, and we will state them in the order in which they occur to us.

In the first place, plaintiff's deed called for the east thirty-three and one-third acres of the land occupied by Golden, as shown on the plat in *Smith v. Miller*, and that is precisely what the decree of the district court awarded them. Their deed did not describe the land as in Iowa or Nebraska, but merely as being west of the meander line of the Davis survey, and necessarily was in or beyond the abandoned river bed. The entire tract was pointed out and definitely traced on this plat, regardless of the state in which located, and this tract is definitely identified as the one now actually occupied by Thomas. The land is the same notwithstanding the alleged divergent views of the different courts with respect to state

boundaries, and the land itself is the subject of the litigation. Its location on the map is of importance only in so far as that may aid in determining the rights of the respective parties thereto. Moreover, if the land was formerly declared to be in Nebraska, the contention of the plaintiffs may be accepted (without deciding it) that that was in a suit between different parties, and not binding on these litigants. Lastly, and conclusively, the plaintiffs are not in a situation to complain if° the decree does erroneously find some of defendant's land in Iowa, and allows her to retain a part of the abandoned river bed east of the middle thread. That she is in possession of that occupied by Golden is not disputed, nor do we think its location in the abandoned river bed put in issue.

In the first division of their petition, plaintiffs described the thirty-three and one-third acres covered by the deed as "cut-off land" noted in the plat heretofore mentioned, and "immediately east of the middle thread of the abandoned river bed." In the second division, the land is described by metes and bounds so as to include everything between the middle thread of the said abandoned bed and the Davis meander line. The defendant's tract, with others, is alleged to be west of it. All of it is mentioned as though made by avulsion, as decided in *Smith v. Miller*. The findings of that case are treated throughout as the basis of their claim. There is no allegation that the land was added to plaintiffs' lots by accretion or reliction, and such an inference is precluded by the wording of the pleading. If so, then from whence did plaintiffs derive the title to any land in the abandoned river bed save under the deed from Golden? If the land was that of the state, as seems likely from *Holman v. Hodges*, 112 Iowa, 714, and *East Omaha Land Co. v. Hansen*, 117 Iowa, 96, or swamp land, as alleged in the petition, title was not shown to have passed to plaintiffs. See *Ogden v. Buckley*, 116 Iowa, 352; *Carr v. Moore*, 119 Iowa, 152;

*Young v. Charnquist*, 114 Iowa, 116. Having neither title nor possession to any of the land between the Davis meander line and the middle thread of the abandoned river bed, save under deeds from defendants or their grantors, they are not in a situation to complain of the court's action in refusing to disturb those who have been in actual possession for many years. It must not be understood that we are saying that title to the thirty-three and one-third acres was rightly quieted. Upon what theory relief could have been granted in respect to land in which neither party had any right or title need not now be considered, as the point is not raised. We simply hold there was no error in denying relief other than granted.

II. The defendant pleaded failure of the consideration in the deed from Golden to Cochran and Davis. This division of the answer was stricken on motion. It is so apparent, from the facts pleaded, that the defense was not available to Thomas, that any discussion of the matter is unnecessary.—AFFIRMED.